*297 DECISION AND ORDER
JAMES M. GENIA, Associate Justice.
This case comes to the Appellate Court as an appeal from an order of the Tribal Court, Judge Pro Tempore Pat Sekaquap-tewa presiding, allowing Plaintiff-Appellee Little Traverse Bay Bands of Odawa Indians (“LTBB”) an opportunity to file an amended complaint and ordering the parties to provide additional briefing on several issues. For the reasons discussed below, the Appellate Court reverses the decision of the Tribal Court and dismisses this case with prejudice for failure to prosecute by Plaintiff-Appellee LTBB.
I. FACTS
At the outset, the Appellate Court believes it is important to note that this lawsuit is one of three lawsuits involving the same parties that arise out of a similar period of time. Two of the lawsuits are brought by Harrington against LTBB and this ease is brought by LTBB against Harrington. While we will not recite the specific facts of the other two lawsuits here, we believe a review of all three cases wall help one better understand our decisions in each of the individual cases.
This case began over six years ago when on September 10, 2002, LTBB filed a civil complaint against Frederick Roy Harrington, Jr., individually and his business, Oda-wa Contracting (collectively “Harrington”), alleging breach of a software installation contract and four counts of fraudulent misrepresentation. Harrington was employed as LTBB’s Community Services Division Head/Education Director from February 1997 until late September 2000. The breach of contract elaim arises from LTBB’s allegation that Harrington failed to install software for a library cataloging-system despite being paid $2000 for the installation.
The first of the four counts of fraudulent misrepresentation alleges that Harrington misrepresented to the Tribe that the library software had been installed and was functioning. The second alleges that Harrington misrepresented that $7000 worth of Adult Vocational Training (“ATV”) funding for himself was obtained in a proper manner and in compliance with applicable rules and regulations. The third count alleges that Harrington misrepresented that Higher Education Scholarship (“Higher Ed”) funding for himself was obtained in a proper manner and in compliance with applicable rules and regulations. Finally, the fourth count alleges that Harrington misrepresented that Higher Ed funding for employees and family members was obtained in a proper manner and in compliance with applicable rules and regulations.
On September 30, 2002, Harrington filed an untitled pleading asserting that LTBB had no standing to bring their claims be *298 cause “the statute of limitations has expired for action in this court.” Harrington also requested a hearing on his statute of limitations defense. Subsequently, a status conference was held by the Tribal Court on November 22, 2002. The Tribal Court ordered that all dispositive motions and briefs be due on December 28, 2002, with responses to any such motions due on January 22, 2003, and reply briefs due on February 24, 2003. The Tribal Court also set March 7, 2003, as the hearing date for any dispositive motions.
On December 12, 2002, LTBB filed a motion requesting that the Tribal Court order the use of the Michigan Court Rules or other rules as the Court deemed appropriate in the case. The next action in this case occurred on December 13, 2002, when Harrington filed an objection to the use of the Michigan Court Rules.
On December 23, 2002, Harrington filed an additional pleading which, among other arguments, restated his statute of limitations defense to LTBB’s claims. On January 22, 2003, LTBB filed a response to Harrington’s latest pleading and asked that the Tribal Court deny Harrington’s request to dismiss the case. In response, on February 24, 2003, Harrington filed another pleading reiterating the arguments he had made in his previous pleadings.
The previously scheduled hearing on dis-positive motions was held on March 7, 2003. At this hearing, Harrington provided copies of two court cases that he believed supported his arguments that the case against him should be dismissed that had not been cited in any of his previous pleadings. On May 30, 2003, the Tribal Court ordered that LTBB would have 21 days to submit a response to the two cases that Harrington brought up at the March 7, 2003, hearing. The Tribal Court also gave Harrington an additional 21 days to reply to LTBB’s response brief. Also on May 30, 2003, the Tribal Court ordered that Michigan Court Rules would apply “liberally” in the case.
After May 30, 2003, neither LTBB nor Harrington filed any additional pleadings and the ease languished until July 9, 2007, when the initial Tribal Court Judge in this case was replaced by Judge Pat Sekaquap-tewa, who was appointed pro tempore by the Tribal Judiciary. On October 2, 2007, Judge Sekaquaptewa entered an order, which among other things, gave LTBB 30 days to file an amended complaint against Harrington or the original complaint would be dismissed for failure to prosecute.
On October 16, 2007, LTBB filed an amended complaint seeking recovery of the AVT funds only. On October 30, 2007, Harrington filed this appeal of Judge Se-kaquaptewa’s order. Finally, the Appellate Court recognizes that Harrington is proceeding in pro per and by his own admission does not understand all the intricacies of the legal profession.
II. ANALYSIS
After reviewing the parties’ pleadings and hearing the parties’ arguments at the Oral Argument in this case, the Appellate Court believes that the threshold issue before us is whether the case should be dismissed for failure to prosecute by LTBB. This ease has languished for over six years in the Tribal Court with no resolution. The procedural history of this case has been extensively detailed above.
In general, courts have the inherent power to dismiss an action with prejudice if there has been a failure to prosecute the case within a reasonable amount of time. “Dismissal,” West’s Encyclopedia of American Law, 1998. We agree with the Tribal Court that this case has languished for far too long. However, rather than grant *299 LTBB an additional 30 days in which to file an amended complaint, we believe that the entire case should be dismissed for failure to prosecute.
Harrington has previously argued that LTBB was required to file a brief by the Tribal Court’s March 30, 2003 order. The failure to file a brief, Harrington argues, evidences a failure to prosecute. We disagree. Nothing in the Tribal Court’s May 30, 2003, order required LTBB to respond to Harrington’s submission of the two court cases he offered at the March 7, 2003, hearing—the order merely gave LTBB the opportunity to respond, if they so chose. That being said, as the Plaintiff, LTBB does have an obligation at some point to continue to prosecute its case. There is no evidence in the record of any filing by LTBB between the Tribal Court hearing on March 7, 2003, and October 2, 2007, when Judge Sekaquaptewa issued her order.
Notwithstanding our decision today, the Appellate Court feels it is important to be clear that LTBB’s current attorney, Jim Bransky, was not the attorney of record when LTBB failed to prosecute the case. This ease was filed and initially handled by another attorney on behalf of LTBB. Mr. Bransky has been very diligent and responsive in interacting with the Tribal Court. Nevertheless, we believe that this case should be dismissed for the failure of LTBB’s previous attorney to prosecute the case.
III. CONCLUSION
In conclusion, because the Appellate Court determines that LTBB has failed to prosecute its case against Harrington, we REVERSE the decision of the Tribal Court and DISMISS the case against Harrington with prejudice.
DECIDED AND APPROVED BY A UNANIMOUS APPELLATE COURT.